**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLEVELAND FONDOL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4158** |
| **ORLEANS PARISH DISTRICT ATTORNEY OFFICE ET AL.** | **SECTION "B" (2)** |

## REPORT AND RECOMMENDATION

Plaintiff, Cleveland Fondol, is a prisoner currently incarcerated in the Claiborne Parish Detention Center in Homer, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the Orleans Parish District Attorney's Office, the assistant district attorney who worked in Section B of Orleans Parish Criminal District Court during his criminal trial, the Orleans Parish Public Defender's Office and Eric Malveaux, the public defender who represented him during his criminal trial.

Fondol states that he was arrested on August 16, 2005 and convicted on an unspecified criminal charge on August 7, 2007. Record Doc. No. 1, Complaint at p. 3, ¶ III.A. He alleges that his attorney, Malveaux, improperly "insisted on bringing me to trial" on the criminal charge after he told Malveaux that the (presumably arresting) police officer was wearing a fake badge in the courtroom and was no longer on the police force.

Id. at p. 3, ¶ IV.  Fondol alleges that he did not find out "for sure" that the officer had

been fired for corruption until June 25, 2008.  Id. at p. 2, ¶ II.D.  Fondol states that the

District Attorney and Malveaux "came to me with" a plea deal for a sentence of six years

and eight months, which he accepted because he was a multiple offender.  He claims,

however, that the case against him should have been dismissed because the officer had

been fired for corruption.  Id. at p. 3, ¶ IV.  He seeks $10,000,000 in compensatory

damages for mental anguish and $5,000,000 in punitive damages.  He also asks the court

to have the bar association punish Malveaux and the district attorney who worked in

Section B.  Id. at p. 4, ¶ V.

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened

by the court as soon as practicable after docketing, regardless whether it has also been

filed in forma pauperis.  28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80

(5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are

frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action

is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as

amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis
v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th
Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on
an indisputably meritless legal theory, but also the unusual power to pierce the veil of the
complaint's factual allegations and dismiss those claims whose factual contentions are
clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th
Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably
meritless legal theory, such as if the complaint alleges the violation of a legal interest
which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder,
105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question
of law which the district court ultimately finds is correctly resolved against the plaintiff,
dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section
1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in
forma pauperis complaint which is legally frivolous, fails to state a claim or seeks
monetary relief against a defendant who is immune from such relief may be dismissed
sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) as
frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails

to state a cognizable Section 1983 claim under the broadest reading.[1]  In addition, the

habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because

plaintiff has brought the claims in the wrong proceeding and has not exhausted his state

court remedies.

II.      SECTION 1983 CLAIMS

A.       IMPROPER DEFENDANTS

Fondol named as defendants the Orleans Parish District Attorney's Office and the

Orleans Parish Public Defender's Office.  However, Section 1983 claims may be asserted

only against "persons" as the statute and case law define that term.  The Orleans Parish

District Attorney's Office and the Orleans Parish Public Defender's Office are not

entities that can be sued under Louisiana law, nor are they persons capable of being sued

under 42 U.S.C. § 1983.  Burge v. Parish of St. Tammany, No. 91-2321, 1997 WL

10243, at *8 (E.D. La. Jan. 8, 1997), aff'd in part, 187 F.3d 452 (5th Cir. 1999); cf.

Zapata v. Public Defenders Office, 252 Fed. Appx. 237, 2007 WL 3104864, at *2 (10th

Cir. 2007) (New Mexico public defender's office is not a "person" amenable to suit

under Section 1983); Johnson v. Georgia, No. 7:07-CV-119, 2007 WL 2594177, at *2

(M.D. Ga. Sept. 5, 2007) (same as to public defender's office in Georgia); Steed v.

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly
construed the complaint in this case.

Delohery, No. 96 Civ. 2449(RPP), 1998 WL 440861, *1 (S.D.N.Y. Aug. 4, 1998)

(county district attorney's office is not a legal entity capable of suing or being sued under

New York law); Jacobs v. Port Neches Police Dep't, 915 F. Supp. 842, 844 (E.D. Tex.

1996) (same under Texas law).

Accordingly, any claims urged by plaintiff against the Orleans Parish District

Attorney's Office and the Orleans Parish Public Defender's Office are frivolous because

they lack an arguable basis in law and fail to state a claim upon which relief can be

granted.

B.      DEFENSE ATTORNEY IS NOT A STATE ACTOR

Eric Malveaux, who is sued in this action under Section 1983, is an attorney who

allegedly was appointed as a public defender to represent plaintiff in his state court

criminal proceedings.

To be successful under Section 1983, a plaintiff must establish that a defendant has

acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327

(1986).  To state a claim under Section 1983, a plaintiff must show "(1) deprivation of

a right, privilege or immunity secured by the federal laws or Constitution (2) by one

acting under color of state law." Mississippi Women's Med. Clinic v. McMillan, 866

F.2d 788, 791 (5th Cir. 1989) (emphasis added); accord Morris v. Dearborne, 181 F.3d

657, 666 n.6 (5th Cir. 1999).  Thus, plaintiff must show that Malveaux's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

Under no circumstances can this defendant, as the attorney who represented Fondol in his criminal case, be considered a state actor as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)).  Because this defendant is not a state actor, plaintiff's Section 1983 claims against him have no basis in federal law and must be dismissed for failure to state a cognizable claim.

C.      ABSOLUTE PROSECUTORIAL IMMUNITY

Plaintiff has named the Assistant District Attorney of Section B in Orleans Parish Criminal District Court as a defendant in this case based solely upon his (or her) actions as a prosecutor in connection with state court criminal proceedings against Fondol. However, the assistant district attorney is immune from suit for damages in this instance.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).  It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit

of a criminal prosecution.  Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).   This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process."  Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"  Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief.  Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh,

420 U.S. 103 (1975)).  Fondol seeks monetary damages but, reading his complaint broadly, he also seeks declaratory and injunctive relief to have the public defender and prosecutor punished, and his release from confinement.

Thus, the prosecutor is not immune from the declaratory and injunctive relief suit. However, plaintiff's claims against the assistant district attorney are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994), without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition, as is further addressed later in this recommendation.

D.      HECK APPLICATION TO SECTION 1983 CLAIMS

Fondol seeks damages as well as declaratory and injunctive relief on his claims. In either case, his claims must be dismissed at this time.  In Heck, 512 U.S. at 477, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for
> damages bearing that relationship to a conviction or sentence that has <u>not</u>
> been so invalidated is not cognizable under § 1983.  Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted).  Although the Supreme Court's

decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court

of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks

injunctive relief.  <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing

<u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)).

Plaintiff's claims are clearly connected to the validity of his conviction and present

confinement.  <u>Heck</u>, 512 U.S. at 479; <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1997);

<u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994).  Among other things, he challenges

the validity of his guilty plea, certain actions by the prosecutor during his criminal

proceedings and the performance of his criminal defense counsel.

Fondol's complaint indicates that he entered a plea of guilty to unspecified charges

and received a sentence of six years and eight months in prison.  Record Doc. No. 1,

Complaint at p. 3, ¶ IV.  He is currently incarcerated in the Claiborne Parish Detention

Center.  He admits that he accepted the plea deal, but he alleges that the case against him

should have been dismissed because the police officer who presumably testified at his trial had been fired for corruption.  Because he is attacking the validity of his guilty plea, which "is a conviction under Louisiana law," his claims are barred by Heck.  Connors v. Graves, 538 F.3d 373, 377-78 (5th Cir. 2008) (citing State v. Thornton, 521 So. 2d 598, 600 (La. Ct. App. 1st Cir. 1988)).

The conviction that Fondol challenges in this case has not been set aside in any of the ways described in Heck.  Thus, any claims for relief that he asserts, attacking the manner of his conviction and continued confinement related to that conviction, are premature and must be dismissed.  As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.    HABEAS CORPUS CLAIMS

As noted above, Fondol's complaint in part challenges the very fact and duration of his confinement in connection with his conviction.  Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his conviction and seeks his release.  This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Fondol filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor,

11

404 U.S. 270, 275-78 (1971)).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . .  This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal  application."  Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420).  A court may notice sua sponte the lack of exhaustion.  McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Fondol does not allege and there is no proof that he has exhausted his state court remedies in connection with his conviction and sentence.

On the contrary, on the first page of his complaint, Fondol indicates that he has not begun any other civil lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, Complaint at p.1, ¶ I.A.  He does not indicate that he sought review of his conviction or sentence.  Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Fondol has not sought review in the Louisiana Supreme Court.  Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Fondol's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __17th__ day of October, 2008.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

13